Per Curiam.

It is clear that it is not competent to a defendant in trespass for the taking of goods, to plead property m a stranger; and upon sound principle ; for the trespass may be an injury to the possession. The question to be considered is, whether, if the property comes to the use of the owner, evidence of that fact may not be received in mitigation of damages ; and we all think it may be. The reason why a party having possession should maintain trespass is, that he may have sustained injury by being deprived of the goods ; nor should his claim to damages be construed strictly. Ordinarily he is either the owner or answerable over to the owner ; and in either case he is entitled not only to damages for the taking, but also for the value of the goods. Possession is prima facie evidence of title, and unless the contrary is shown, it is sufficient to entitle the plaintiff to recover for the value. But here, if the allegation of the defendant can be made out by proof, the plaintiff is not answerable over. The real damage then sustained by him, arises from the injury to his special property, and he ought not to recover for the value of the mare. The evidence which was rejected ought to be received, and the burden wil rest on the defendant to prove satisfactorily the fact alleged, in order to justify a reduction of the damages.[1]

JYew trial granted.

 See Pierce v. Benjaminf 14 Pick. 356; Ingersol v. Van Bohkelin, 7 Cowen, 670, 681; Hallett v. Novion, 14 Johns. R. 273.